**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **SHANE SIMPSON,** ) | |
| ) | |
| Plaintiff, ) | **Civil Action No.** |
| ) | |
| **v.** ) | <u>**Jury Trial Demanded**</u> |
| ) | |
| **WELLS FARGO BANK, N.A.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

SHANE SIMPSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following WELLS FARGO BANK, N.A. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See</u> <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Harrison, Tennessee 37341.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a company with its principal place of business located at 101 North Phillips Avenue, One Wachovia Center, Sioux Falls, SD 57104.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number that he has had for over a year.

11.      Plaintiff has only used this number as a cellular telephone number.

12.      Beginning in or around March 2014 and continuing through July 2014, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13.      When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

14.      During some of the calls, Plaintiff has also spoken with representatives and/or employees of Defendant.

15.      Defendant's telephone calls were not made for "emergency purposes."

16.      In March 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

17.      Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

2

18.     Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several months.

19.     Plaintiff reiterated this revocation via email in July 2015.

20.     However, the calls continued.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Plaintiff revoked consent.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHANE SIMPSON, respectfully prays for a judgment as follows:

> a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);
>
> b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);
>
> c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);
>
> d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and
>
> e. Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, SHANE SIMPSON, demands a jury trial in this case.

Respectfully submitted,

DATED: May1, 2015    By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
Amy L. Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

4

PLAINTIFF'S COMPLAINT